EXHIBIT C



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 29, 2009

Harry Rubin
212-596-9105
646-728-2651 fax
harry.rubin@ropesgray.com

VIA FEDEX

Thomas H. Adams, Ph.D.
Chairman
Xenomics Inc.
One Deer Park Drive, Suite F
Monmouth Junction, NJ 08852

Dear Dr. Adams:

    We are counsel to Sequenom, Inc. This letter is in response to your letter of May 20, 2009 to Clarke Neumann with respect to the Xenomics-Sequenom License Agreement dated October 29, 2008 (the "Agreement").

    Your letter constitutes wrongful termination and is a clear bad faith attempt to get out of the Agreement without any legal basis and in clear contravention of the express terms of the Agreement.

    Under Section 10.1 of the Agreement, Xenomics would have the right to terminate the Agreement (and the license granted to Sequenom under it) only if Sequenom were in material breach of (i) any of its representations, warranties or covenants in Section 7.2 (which, per Section 9.4, are the only applicable express or implied warranties) or (ii) any other material obligation of the Agreement. Sequenom has rigorously complied with all of its representations, warranties and covenants in Section 7.2, and all of its other obligations under the Agreement. Therefore, there is absolutely no basis for your termination of this Agreement.

    Even if there were such breach – and there has been none – Sequenom, under Section 10.2 of the Agreement, would have a thirty-day cure right. Nothing in the Agreement gives you the right to terminate immediately for an alleged "breach" you unilaterally declare "not capable of being cured."

    Contrary to your false allegations, at no point during any negotiations did Sequenom misrepresent anything to Xenomics nor did Sequenom fail to disclose to Xenomics any material facts known to Sequenom at that time. Moreover, at all times Sequenom was and, as evidenced by its faithful compliance with the Agreement, Sequenom remains fully capable of performing and has been performing <u>all</u> of its contractual obligations. Indeed, Xenomics has been enjoying all the benefits of Sequenom's full performance, including Xenomics' receipt from Sequenom of the contractually required $1,000,000 licensee fee. No other payments to Xenomics are due or owing until the minimum royalty payments begin in 2010. Those payments are not due until 2011. We, therefore, find your false allegation that Sequenom has denied Xenomics the benefit of the Agreement utterly absurd.

ROPES & GRAY LLP

Thomas H. Adams, Ph.D.        - 2 -        May 29, 2009

Xenomics has also failed to abide by Section 11 of the Agreement which requires good faith consultations to resolve any disputes between the parties and subsequent arbitration in the event that such resolution is not achieved.

Your contentions rely on baseless, unacceptable and offensive conclusions as to Sequenom and its conduct and policies. Sequenom rejects your letter entirely and expects Xenomics to continue abiding by the Agreement which remains in full force and effect.

Sequenom considers your letter an extremely serious matter and will use all available remedies, including legal process, to ensure the continuing implementation of the Agreement in accordance with its terms.

Sincerely,

Harry Rubin

HR:jg

cc: Clarke W. Neumann, Esq.
    General Counsel
    Sequenom, Inc.
    James F. Haley, Esq.