EXHIBIT F



December 23, 2009

Honorable Richard M. Berman
United States District Judge
United States District Court for the Southern District of New York
40 Centre Street
New York, New York 10007

**MEMO ENDORSED**
P. 3

RE: *Xenomics, Inc. v. Sequenom, Inc.*, No. 09 CV 10192 (RMB)

Dear Judge Berman:

We represent Sequenom, Inc. ("Sequenom") in this matter and write pursuant to Paragraph 2.A of Your Honor's Individual Practices to request a pre-motion conference in anticipation of filing a motion to transfer this action to the United States District Court for the Southern District of California or, in the alternative, to dismiss the complaint. The complaint was served on December 9, 2009 and by agreement of the parties, Sequenom's response to the complaint is due on Friday, January 8, 2010. At present, the bases for the motion are as follows:

The complaint purports to assert claims for breach of contract and fraudulent inducement in connection with a License Agreement dated as of October 29, 2008 between plaintiff, Xenomics, Inc. ("Xenomics") and Sequenom (the "Agreement"). As alleged, under the Agreement, Xenomics licensed to Sequenom certain technology relating to genetic testing of fetal nucleic acids that are present in maternal urine (the "Urine Test Technology"). Sequenom itself owns the rights to certain technology for genetic testing of fetal nucleic acids that are present in maternal blood (the "Blood Test Technology").

Xenomics alleges it was induced into entering the Agreement based on: (a) certain public statements Sequenom made in connection with certain test results for Sequenom's Blood Test Technology and (b) certain other unidentified statements made by unidentified



Honorable Richard M. Berman
December 23, 2009
Page Two

representatives of Sequenom to unidentified representatives of Xenomics. Com. ¶ 15. Xenomics further alleges that earlier this year, Sequenom announced it had discovered certain irregularities concerning the protocols for the testing of the Blood Test Technology and that these irregularities caused Sequenom to announce that it was no longer relying on previously announced R&D test data and results for the Blood Test Technology. Com. ¶ 17.

Sequenom will ask the Court to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404. The facts warranting transfer include: (a) the alleged fraud relating to the testing and results for the Blood Test Technology -- which lies at the heart of Xenomics' claim -- took place in San Diego; (b) most of the non-party witnesses with knowledge relating to the alleged fraud reside in San Diego; (c) there are currently 16 federal actions arising out of the same alleged fraud that are pending before the same federal judge in the Southern District of California; (d) the Agreement itself is to be performed in San Diego and (e) Sequenom's offices and employees are located in San Diego. Further, the motion will explain that, while Xenomics filed suit in New York, Xenomics' senior management is in San Diego, Xenomics has announced in its filings with the Securities Exchange Commission that it plans on moving its offices and research facilities to San Diego and while it purports to have a New York office, Xenomics' most recent public filings indicate that its principal executive offices are located in New Jersey -- not New York.

In the alternative, Sequenom will ask that that contract claim be dismissed based on Xenomics' failure to identify any provision of the Agreement that Sequenom allegedly breached. The motion to dismiss the fraudulent inducement claim will be based (at least) on Xenomics' failure to plead certain of the allegedly false statements with the particularity required by Federal Rule of Civil Procedure 9(b). See Com. ¶ 15 (alleging reliance on "other statements made by



Honorable Richard M. Berman
December 23, 2009
Page Three

the defendant's representatives to the plaintiff...") In addition, to the extent Xenomics purports to have relied on certain statements made after the execution of the Agreement, the motion will be based on Xenomics' inability to plead reliance (i.e., Xenomics could not have been induced to enter into an Agreement dated October 29, 2008 by statements made in December 2008 or January or February 2009). See Com. ¶ 16. We are continuing to research other possible pleading flaws in the fraud claim.

Finally, in light of the anticipated motions and the possibility that this action will either be transferred to the Southern District of California or dismissed, at the pre-motion conference, Sequenom anticipates asking the Court to stay the parties' obligations under Federal Rules of Civil Procedure 16 and 26 (with respect to establishing a discovery schedule and exchanging initial disclosures) until after the motions are decided.

We are generally available for the pre-motion conference, either in-person or by telephone, as the Court determines is the most efficient way to proceed, between now and January 8, 2010, the current deadline for Sequenom to respond to the complaint.

Respectfully submitted,

Stephen A. Wieder

cc: David Jaroslawicz, Esq. (by e-mail and overnight mail) *Pl. to respond w/a 2-3 pp letter by 12/31/09. Conference scheduled for 1/11 at 11 am.*

SO ORDERED:
Date: 12/23/09   Richard M. Berman
Richard M. Berman, U.S.D.J.

1114 AVENUE OF THE AMERICAS, NEW YORK, NY 10036 T: (212) 479-6000 F: (212) 479-6275 WWW.COOLEY.COM