EXHIBIT G



# Cooley
GODWARD KRONISH LLP

Janet L. Cullum
(212) 479-6500
jcullum@cooley.com

BY HAND

**MEMO ENDORSED**
**p. 2**

January 12, 2010

Honorable Richard M. Berman
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *Xenomics, Inc. v. Sequenom, Inc.*, No. 09 CV 10192 (RMB)

Dear Judge Berman:

    We represent Sequenom in this action and write: (a) to advise the Court of the parties' availability with respect to the rescheduling of the pre-motion conference originally scheduled for this afternoon and (b) pursuant to our conversation yesterday with Your Honor's clerk, Mr. Wilcox, when he telephoned concerning the rescheduling, to set forth in writing the request we intended to make at the pre-motion conference to stay the parties' obligations under Federal Rules of Civil Procedure 16 and 26 pending the conference.

    On December 23, 2009, we wrote Your Honor to request a pre-motion conference to discuss our anticipated motion pursuant to 28 U.S.C. § 1404 to transfer this case to the Honorable Larry Burns of the United States District Court for the Southern District of California or, in the alternative, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Shortly thereafter, the pre-motion conference was scheduled for today at 3:30 p.m.[1] As indicated above, yesterday afternoon we received a call from the Court advising us that the conference had to be rescheduled and asking us to notify opposing counsel of this fact and to determine the parties' availability on February 16 or 17 at 10:30 a.m. or February 22 at 11:00 a.m. Immediately following that conversation, we wrote counsel for Xenomics and advised him of the need to reschedule the pre-motion conference and our intent to submit this letter to the Court setting forth our request to stay the parties' Rule 16 and 26 obligations pending the conference.

    We can now advise the Court that the parties are available on all three dates and times that Mr. Wilcox gave us: February 16 or 17 (at 10:30 a.m.) or February 22 (at 11:00 a.m.). We will await further instruction from the Court as to the timing of the conference.

    With respect to the case management schedule, on December 17, 2009 – prior to its receipt of our December 23 letter requesting a pre-motion conference – the Court scheduled an initial pre-trial conference for February 4, 2010. In connection with that conference, the Court directed the parties to prepare and submit a case management plan. Under Federal Rule of

---

[1] The pre-motion conference was originally scheduled for January 11 but was moved to January 12 at the Court's request.


Cooley
GODWARD KRONISH LLP

Honorable Richard M. Berman
January 12, 2010
Page Two

Civil Procedure 26(f), the parties are supposed to meet and confer by January 14 with respect to certain aspects of the case management plan. Unless otherwise ordered by the Court, this meeting will also trigger the parties' obligations with respect to initial disclosures.

    In light of the anticipated motion practice, including the fact that if the Rule 1404 motion is successful this case will be transferred to the Southern District of California, we respectfully submit that it is both efficient and prudent to wait until the motion is decided to establish a case management plan. As a result of Judge Burns's familiarity with the central issue in this case – an alleged fraud relating to the testing protocol and results with respect to certain proprietary technology owned by Sequenom – as well as in deference to his views on a case management plan and to facilitate potential coordination of discovery on issues common to any of the cases pending before him, we believe that if the case is to be transferred, all case management and discovery related issues should be decided by Judge Burns. If Your Honor determines to keep the case here, we will of course move expeditiously to comply with our Rule 16 and Rule 26 obligations. Until that decision is made, however, we respectfully request that the Court adjourn the initial pre-trial conference (currently scheduled to take place on February 4) and all related case management obligations.[2]

    Finally, Sequenom's time to respond to the complaint was originally set to expire on January 8. By letter dated January 4, the parties jointly proposed that, in light of the pre-motion conference, the response date be extended to January 29. We were advised by Mr. Michael last week that the Court's practice is to stay the obligation to file a responsive motion or otherwise respond to the complaint until after the pre-motion conference and to establish a briefing schedule at that conference. We will therefore wait to file the motion until the Court sets a schedule for the motion at the pre-motion conference, unless the Court directs otherwise.

We thank the Court for its consideration in this matter.

> Conference is adjourned to 2/16 at 10:30 a.m. Def's request for a stay of discovery is denied.
>
> SO ORDERED:
> Date: 1/12/10
> Richard M. Berman, U.S.D.J.

Respectfully,

Janet L. Cullum

cc: David Jaroslawicz, Esq. (by e-mail)

---

[2] Before today's conference was rescheduled, we wrote to counsel for Xenomics to propose such a stay, and advised him that we were going to raise the issue with the Court at the pre-motion conference. The parties were unable to reach agreement on a joint proposal with respect to this issue.