EXHIBIT I



Janet L. Cullum
(212) 479-6500
jcullum@cooley.com

BY MAIL AND EMAIL
DavidJaroslawicz@yahoo.com

January 15, 2010

David Jaroslawicz, Esq.
Law Office of Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007

RE: <u>Xenomics Inc. v. Sequenom, Inc.</u>

Dear David:

I write to follow up on our telephone conversations yesterday and this morning concerning various case management and discovery issues.

In our conversation yesterday we discussed the discovery you served on January 13, 2010, and advised you that the discovery was inappropriate and that we intended to seek a protective order from the Court. More specifically, we advised as follows:

1.   In connection with your document request dated January 13, 2010, we explained that it did not comply with Federal Rule of Civil Procedure 34 insofar as the request demands production on January 28, 2010. Under Rule 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Thus, the earliest our written responses – as distinct from any actual production – are due is February 12, 2010. We further explained that we did not believe you could use a request that a Rule 30(b)(6) witness bring documents to a deposition (which you have noticed for January 29) to circumvent Rule 34. You agreed that the document request would be deemed returnable on February 12, to be followed by the deposition. We agreed that we would cooperate to work out dates for a document production and Rule 30(b)(6) deposition that met the needs of both sides but that we reserved our right to seek a protective order on this discovery.

2.   We also explained that the rules do not permit you to compel a corporation located in San Diego to produce corporate representatives for deposition in New York. You agreed to conduct the deposition in San Diego, on the condition that: (a) we produce documents responsive to the document request in San Diego at least one day prior to the deposition and (b) to the exent Xenomics intends to designate more than one witness in response to the Rule 30(b)(6) notice, all such witnesses be made available on the same day so that you do not have to make multiple trips to San Diego for the Rule 30(b)(6) deposition. Again, assuming that we do not obtain a protective order, we agree to proceed as you have suggested.

3.   We pointed out that in connection with your initial disclosures, we are entitled to the addresses and telephone numbers of the individuals you have listed. You agreed to provide that information.


**Cooley**
GODWARD KRONISH LLP

David Jaroslawicz
January 15, 2010
Page Two

4.  With respect to the Case Management Plan, the dates that the parties agreed to are as follows: (i) Joinder of Additional Parties: no later than April 16; (ii) Last Day to Amend Pleadings: August 2 and (iii) Discovery Cut-Off: September 14.

5.  We asked you yesterday to provide us with a draft of the Rule 26(f) plan and you advised us that you would send a proposal to us later in the day. We did not receive your proposal and this morning you advised me that your view is that everything be done "as soon as possible" and invited us to make a proposal on the discovery plan. We will prepare one and send it to you; while I understand that you are out of the office next week, I want to alert you to the fact that we will not have that proposal ready today.

Also with respect to our conversation this morning, I will convey to Sequenom your proposal that Sequenom agree now to rescind the license and but leave open the question of Xenomics' alleged damages for further litigation.

Finally, as I explained to you this morning, we believe that the public announcement of the settlement of one class of cases pending before Judge Burns does not materially impact the force of our anticipated Rule 1404 motion. In that regard, as you know from our previous letters to the Court, all signs point to the fact that Xenomics' senior management is in San Diego and that Xenomics is in the process of moving the rest of its operations to San Diego. In considering how to proceed here, it would be helpful if you would explain to us what activities Xenomics conducts at 420 Lexington Avenue, how many Xenomics employees work at 420 Lexington Avenue and how long Xenomics anticipates it will continue to continue to conduct those operations out of the space at 420 Lexington Avenue.

Sincerely,

Janet L. Cullum