EXHIBIT P



Stephen A. Wieder
(212) 479-6263
swieder@cooley.com

BY MAIL AND EMAIL
DavidJaroslawicz@yahoo.com

January 29, 2010

David Jaroslawicz
Law Office of Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007

### RE:   Xenomics Inc. v. Sequenom, Inc., No. 09 CV 10192 (RMB)

Dear David:

I write to raise several issues with you in connection with discovery and in advance of the conference scheduled for February 16, 2010.

**First,** attached please find a Proposed Stipulated Protective Order that we would like to submit to the Court at the conference. Please advise whether you have any comments.

**Second,** consistent with your stated desire to move this case forward, we believe that it is in everyone's interest to resolve the transfer issue on an expedited basis. We therefore intend to ask the Court to set an expedited briefing schedule under which moving papers would be served and filed on Monday, February 22, opposition papers would be served and filed on Friday, March 5, and reply papers one week later on Friday, March 12. Please let us know if you agree with this proposal and if not, whether you have a counterproposal.

In light of the Court's order denying our earlier request to stay case management activities and discovery, we have engaged in discussions with you on the case management plan and have also served discovery and initial disclosures. We continue to believe, however, that merits discovery is premature and we will renew our request to stay that discovery. However, certain discovery will facilitate the expedited resolution of our anticipated motion and we therefore ask that you agree to provide the information sought in our Requests Nos. 9 (that part of the request related to "Xenomics's relocation to San Diego"), 17 and 20 of Defendant's First Request for Production of Documents and Things (dated January 20, 2010) and Interrogatory No. 2 of Defendant's First Set of Interrogatories (dated January 20, 2010) no later than February 12, 2010.

**Third,** with respect to the Rule 26(f) issues that the parties are required to discuss in advance of the conference, our current thinking is as follows:

> **Rule 26(f)(3)(A):** No changes are necessary.
>
> **Rule 26(f)(3)(B):** The subjects on which discovery will be needed will be: (a) the negotiation and drafting of the License Agreement; (b) Xenomics' business plans and (c) the location of Xenomics' business.


Cooley
GODWARD KRONISH LLP

David Jaroslawicz
January 29, 2010
Page Two

> Rule 26(f)(3)(C): We are presently unaware of any unique issues concerning the
> discovery of electronically stored information ("ESI") and expect that the parties
> will produce accessible ESI and meet and confer to the extent that any ESI is not
> presently in an accessible form.
>
> Rule 26(f)(3)(D): We have included a "claw back" provision in our proposed
> protective order that would address the inadvertent production of privileged
> materials.
>
> Rule 26(f)(3)(E): At present, we do not believe that any changes should be
> made on the limitations on discovery imposed by the Federal Rules of Civil
> Procedure or the Local Rules of the Southern District of New York.
>
> Rule 26(f)(3)(F): As noted above, we have enclosed a copy of our Proposed
> Stipulated Protective Order for your review and comment.

Please let us know your views on these issues.

Finally, I am enclosing a copy of the Case Management Plan that we have filled out
based on our conversation last Thursday. We will submit this to the Court at the conference.

Very truly yours,

Stephen Wieder /kk

Stephen A. Wieder

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------:
XENOMICS, INC.,                                       :
                                                      :
                        Plaintiff,                    :        09 CV 10192 (RMB)
                                                      :
            v.                                        :           ECF Case
                                                      :
SEQUENOM, INC.,                                       :
                                                      :
                        Defendant.                    :
------------------------------------------------------:

## PROPOSED STIPULATED PROTECTIVE ORDER

The parties in the above-captioned case having requested that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that may need to be disclosed in connection with discovery in this case, the parties having stipulated to entry of this Order, and the Court having found that good cause exists, it is hereby

ORDERED, as follows:

1.      This Protective Order shall apply to and govern all depositions, documents or electronically stored information produced in response to requests for production, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials") which that party or non-party in good faith believes comprise or reflect confidential and/or proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary,

commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

2.      Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and such information shall not be disclosed to anyone except as provided herein.

3.      Any information or materials produced by any party or non-party as part of discovery in this action may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by such party or non-party pursuant to Paragraph 4 of this Protective Order.

        a.      "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

        b.      "Highly Confidential – Attorneys' Eyes Only" shall include any Confidential Information which the producing party or non-party reasonably believes would harm its competitive position if the material were to become known to employees of receiving parties other than in-house counsel.

4.      The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

        a.      in the case of documents, electronically stored information or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate): (i) on each page of any document containing any confidential information or

material or (ii) physically on the outside of any media for storing electronic documents (but only if all the documents on the storage medium have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The terms "documents" and electronically stored information as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

            b.     In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder or (ii) by written notice of such designation sent by counsel to all parties within ten (10) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed protected under this Protective Order. Whether or not so designated on the record at deposition, the parties shall treat all deposition testimony as "Highly Confidential – Attorneys' Eyes Only" under this Protective Order until the expiration of ten (10) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. Unless specific designations of

portions of a transcript have been made on the record during the proceeding, or in writing within ten (10) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition, any confidentiality is waived after the expiration of the 10-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

        c.     In the case of interrogatory answers or requests to admit that a party seeks to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the specific answer shall be set forth in a paper separate from those interrogatory answers or requests to admit not so designated and shall bear a title describing the answers as constituting Confidential Material or Highly Confidential – Attorneys' Eyes Only Discovery Material. Schedules, appendices or attachments to or documents otherwise provided with interrogatory answers or responses to requests to admit designated Confidential or Highly Confidential – Attorneys' Eyes Only also may be designated as such using the procedure described above in sub-paragraph (a) concerning documents.

        d.     A party or non-party furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

     5.     "Confidential Information" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

        a.     Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and

contractors, and, to the extent necessary, outside copying, imaging, and trial consultants/presentation services, who are working on this litigation under the direction of such attorneys;

        b.     Employees of the parties (including but not limited to in-house counsel, officers and directors) to the extent that they have a legitimate need to view "Confidential Information" for the furtherance of this litigation;

        c.     Subject to Paragraphs 7 and 8 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Confidential Information" to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

        d.     Subject to Paragraph 8 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

        e.     Persons of whom testimony is to be taken during a deposition or other pretrial proceeding, insofar as such persons may be examined concerning any information or material designated under this Protective Order which that person had lawfully received or authored prior to and apart from this action, or concerning information or material produced in discovery in this matter by the party on whose behalf the person is to testify. During examination, a witness may be shown information or material designated under this Protective Order by a party which appears on its face or from other documents or testimony to have been authored by the witness or received by the witness under circumstances that do not constitute a violation of the Protective Order, as well as information or material produced in discovery in this matter by the party on whose behalf the person is testifying.

f.      The Court and Court personnel, court reporters, interpreters and videographers employed in connection with this action.

6.      "Highly Confidential – Attorneys' Eyes Only Information" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.      Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging, and trial consultant/presentation services, who are working on this litigation under the direction of such attorneys;

b.      In-house counsel for a party or a direct or indirect parent corporation of a party to the extent they have a legitimate need to view "Highly Confidential – Attorneys' Eyes Only Information" for the furtherance of this litigation, and staff and supporting personnel of such attorneys;

c.      Subject to Paragraphs 7 and 8 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Highly Confidential – Attorneys' Eyes Only" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

d.      Subject to Paragraph 8 herein, any other persons who are designated to receive material designated "Highly Confidential -- Attorneys' Eyes Only" by order of this Court after notice to the parties, or by written stipulation of the parties;

e.      Persons of whom testimony is to be taken during a deposition or other pretrial proceeding, insofar as such persons may be examined concerning any information or

material designated under this Protective Order which that person had lawfully received or authored prior to and apart from this action, or concerning information or material produced in discovery in this matter by the party on whose behalf the person is to testify. During examination, a witness may be shown information or material designated under this Protective Order by a party which appears on its face or from other documents or testimony to have been authored by the witness or received by the witness under circumstances that do not constitute a violation of the Protective Order, as well as information or material produced in discovery in this matter by the party on whose behalf the person is testifying;

        f.      Any other persons who are designated to receive "Highly Confidential – Attorneys' Eyes Only Information" by order of this Court after notice to the parties, or by written stipulation of the parties; and

        g.      The Court and Court personnel, court reporters, interpreters and videographers employed in connection with this action.

        7.      For the purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. Such consultant or expert may only be provided with discovery materials designated under this Order subject to compliance with the following procedure:

        a.      Counsel for a party proposing any such consultant or expert shall submit to outside counsel of record for the other party a copy of a completed Acknowledgment of Protective Order (attached as Exhibit A) which the consultant or expert shall read and sign, and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. To the extent

that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations: (i) the industry in which the relationship(s) took place, (ii) the general technology involved, (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of any party, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. The original of each such Acknowledgment of Protective Order shall be maintained by counsel proposing the expert. A party proposing such consultant or expert shall respond within three (3) court days to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed consultant or expert;

b. Unless a party notifies the proposing counsel of its objection to any such proposed consultant or expert, and the basis therefore, within five (5) court days after the receipt of a copy of the Acknowledgment of Protective Order, such consultant or expert shall thereafter be deemed a qualified recipient and entitled to receive the designating party's "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material pursuant to the terms and conditions of the Protective Order;

c. Should the opposing party timely notify proposing counsel of its objection, the objecting party shall have ten (10) court days from its notice of objection within which to file a motion to preclude the disclosure of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material to the proposed consultant or expert. Should such a motion be filed, proposing counsel shall not disclose "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" material to the proposed consultant or expert until the resolution of the motion. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed consultant or expert, subject to the terms of this protective order.

8.    Persons retained or sought to be retained as bona fide consultants or testifying experts, any other persons who are designated to receive material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by order of this Court after notice to the parties, or by written stipulation of the parties, shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Acknowledgment of Protective Order (attached as Exhibit A) which the person shall read and sign, unless the Parties have specifically agreed that execution of such Acknowledgment is not necessary for such person. Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgements. Copies of any such Acknowledgement executed by persons retained or sought to be retained as bona fide consultants or experts shall be provided to counsel for the other parties or affected nonparties in accordance with Paragraph 7 Copies of any such Acknowledgment executed by any other person shall be provided to counsel for the other parties or affected nonparties upon request.

9.    The recipient of any material designated under this Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

10.    Any third party may obtain protection of this Protective Order by complying with Paragraphs 3 and 4 of this Protective Order regarding designating of materials under the Order.

A party making a discovery request to a non-party in this action shall notify that non-party that the protections of the Protective Order are available to such non-party.

11.    Nothing contained in this Protective Order shall: (i) affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, electronically stored information, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure; (ii) constitute an admission or waiver of any claim or defense by any party or (iii) constitute a waiver by any party of its right to object to or otherwise contest any confidentiality designation by any party or non-party consistent with the terms of this Protective Order and the Federal Rules of Civil Procedure.

12.    In the event that any material designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the party shall be allowed and is required to file such material under seal, except that upon the default of the filing party to so request, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection. Where possible, only confidential portions of filings with the Court shall be sought to be filed under seal. The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality

designations of materials filed with the Court can be waived. As soon as practicable, but in no event later than five (5) court days after filing of the document filed under seal, the filing party shall file with the Court, for its public file, a copy of the filed materials with the material designated under this Protective Order redacted.

13.     A party receiving Discovery Materials designated under this Protective Order may object to such designation in whole or in part, by giving written notice of such objection to the producing party. Within ten (10) court days of receiving such written notice, the producing party shall confer with the receiving party in good faith for the purpose of resolving any such objection. If the objection is not resolved after the parties confer, then any party may request a conference with the Court and/or file a motion to resolve the dispute. Pending the Court's determination, the information which is subject to dispute shall be treated as subject to the Protective Order. The burden of proving that information has been properly designated under this Protective Order is on the person or entity making the designation.

14.     Nothing in this Protective Order shall preclude any party to this litigation or its counsel: (a) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action or (b) from disclosing or using, in any lawful manner or for any lawful purpose, any information or documents from the party's own files which the party itself has designated under this Protective Order.

15.     Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Protective Order to a non-party pursuant to a validly served subpoena, civil investigative

demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall assert an initial objection to its production to the extent permitted by applicable law and notify the requesting non-party of the existence of this Protective Order and that the material requested by the non-party has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material within five (5) court days of receiving a formal discovery request as described above, but in all instances no later than three (3) court days prior to the date on which such confidential material is to be produced to the non-party.

16.     If a party inadvertently fails to designate material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 6 herein, as well as any copies made by such persons.

17.     All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing this Protective Order.

18.     Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

12

a.       operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b.       operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Protective Order;

c.       prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

d.       prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e.       prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f.       prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information; or

g.       prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

19.       This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time

of disclosure and was not subject to conditions of confidentiality or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or non-party.

20.    In the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Protective Order. If the consent of the non-party is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).

21.    Notwithstanding the foregoing, a producing party may redact information that it believes in good faith is so highly sensitive that the protections provided for by this Protective Order are insufficient to protect legitimate business or personal privacy interests, but only to the extent that such information also is not relevant to this litigation within the meaning of the Federal Rules of Civil Procedure. This measure shall be utilized only in exceptional circumstances. If the party to whom the redacted Discovery Materials were produced objects to such redaction, that party may at any time prior to the trial of this action serve upon counsel for the producing party a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, either the objecting party of the producing party may make an application to the Court to obtain a ruling.

22.     This Protective Order shall not apply to the treatment to be given at any hearing or trial in this litigation to Discovery Materials designated as Confidential or Highly Confidential – Attorneys' Eyes Only. Such treatment shall be subject to subsequent Order of this Court.

23.     Within sixty (60) calendar days after the final termination of litigation between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraphs 5 or 6 may retain complete and unredacted copies of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party. Reference to designated materials (including such materials in work product or pleadings) shall be made solely in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance, a dispute over the use or dissemination of material designated under this Protective Order, or, subject to the provisions of Paragraph 15 of this Protective Order, as required by law. Such retained copies of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained confidential material. The Court is specifically exempted from any return or destruction requirements contemplated by this provision.

24.     Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged

Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within fifteen (15) court days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. A party may move the Court for an order compelling production of the document, but said party may not assert as a ground for the entering such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order shall preclude a party from arguing that the production of the allegedly Inadvertently Produced Privileged Document was not inadvertent or that conduct other than the alleged inadvertent production in this litigation constitutes a waiver.

25.     Unless the parties otherwise agree, any dispute concerning the application of this Protective Order shall be heard pursuant to the rules of the Court. The provisions of this Order may be modified at any time by stipulation of all parties and with the approval of the Court. In addition, a Party may apply to the Court for modification of this Order pursuant to a regularly-noticed motion.

Dated: New York, New York
       January __, 2010

                                    JAROSLAWICZ & JAROS, LLC

                                    By: _____
                                           David Jaroslawicz (DJ _____ )

225 Broadway, 24th Floor
New York, New York  10007
(212) 227-2780

Attorneys for Plaintiff

COOLEY GODWARD KRONISH LLP

By: _____

       Janet L. Cullum (JC 1925)
       Stephen A. Wieder (SW 1442)
       Katie M. Krajeck (KK 7412)

1114 Avenue of Americas
New York, New York  10036
(212) 479-6000

## EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, certify that I have read the Stipulated Protective Order (the "Order") entered in Xenomics, Inc. v. Sequenom, Inc., No. 09 CV 10192 (RMB), U.S. District Court for the Southern District of New York, on _____, 2010, and that I understand the terms, conditions, and restrictions it imposes on any person given access to Discovery Materials (as that term is defined in the Order). I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the U.S. District Court for the Southern District of New York with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct and that this Undertaking is executed this _____ day of _____, 2010, at _____.

_____
(Signature)

_____
(Address)

_____
(Phone)

_____
(Employer/Business)

_____
(Job Title/Description)