EXHIBIT Q

LAW OFFICE OF

# JAROSLAWICZ & JAROS, LLC

225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007

(212) 227-2780

David Jaroslawicz
(NY, FL & CA Bars)
Abraham Jaros

February 4, 2010

By Email swieder@cooley.com

Stephen A. Wieder, Esq.
Cooley Godward Kronish LLP
Attorneys for Defendant
1114 Avenue of the Americas
New York, New York 10036

RE:   XENOMICS V. SEQUENOM

Dear Mr. Wieder:

I am responding to your email of February 4, 2010 and the correspondence attached thereto.

I disagree with most of your suggestions.

First, there is no need for a protective order in this case, and clearly not the burdensome eighteen-page monstrosity you have created. There is no reason to keep all documents confidential unless they are truly confidential. I realize Sequenom would like to further conceal its fraudulent activities but this is not the purpose of a confidentiality protective order. If there is a specific document that should be kept confidential, please let us know what it is. Other than that, there is no reason to hide anything.

Second, your motion schedule is insidious and unfair. You have been preparing your motion to transfer for over two months now, and you propose to give me eleven days to respond. Why don't you make your motion by February 9, 2010 and give us until March 5, 2010 to respond? This is assuming the court permits you to make this type of motion, which, in my opinion, would be a waste of time.

The court has already ruled on your attempt to stay discovery and it was denied. You are now willfully violating that ruling by refusing to engage in any meaningful discovery.

Just do it.

# JAROSLAWICZ & JAROS, LLC

Stephen A. Wieder, Esq.
February 4, 2010
Page 2

I have forwarded your discovery demands to my client and will provide appropriate responses as soon as I receive them within the time limits set forth by the rules.

With respect to the Rule 26(f)(3)(B) issue, I do not understand why you delete the most critical issues which are:

(a) were Sequenom's tests accurate and/or fraudulent and the results misrepresented to Xenomics?

(b) is Sequenom doing nothing with the intellectual property but simply trying to prevent Xenomics from making use of it?

(c) what did Sequenom's internal investigation show and what was the reason for withdrawing the results of the tests at issue?

I disagree that the location of Xenomics' business – whatever that might mean – is an alleged issue.

I also disagree that Xenomics' business plan is an issue. It is Sequenom's business plan as to what it did or intended to do with the intellectual property that is at issue.

Please advise when Sequenom will produce its documents, when we can go to San Diego to depose Sequenom's 30(b)(6) witnesses, and provide the names and addresses of Sequenom's employees who were fired so that we can contact them.

Very truly yours,

David Jaroslawicz

DJ:rm