Exhibit R



# Cooley
### GODWARD KRONISH LLP

Stephen A. Wieder
(212) 479-6263
swieder@cooley.com

BY MAIL AND EMAIL
DavidJaroslawicz@yahoo.com

February 5, 2010

David Jaroslawicz
Law Office of Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007

RE: <u>Xenomics Inc. v. Sequenom, Inc., No. 09 CV 10192 (RMB)</u>

Dear David:

I write to respond to your letter of February 4, 2010.

First, with respect to the proposed protective order, the draft we sent you is entirely appropriate in a case in which one or both parties is likely to be disclosing highly proprietary information that it has legitimate business reasons for not wanting to disclose to individuals who have no need to see that information in connection with this litigation. We have used this form of order (or similar ones) in other cases in this district. We have no intention of over-designating material in order to impair your ability to litigate this case, and you have not articulated any rational basis for objecting to the proposed form of order. We are willing to consider a counterproposal that protects our client's legitimate business interests. If you are interested in moving this case along, we suggest you provide a counterproposal and we will evaluate it and get back to you promptly.

Second, there was no improper intent in our proposed briefing schedule. You advised us in our recent call, and in the strongest terms, that you wanted to move expeditiously and we believe a prompt resolution of the motion to transfer or dismiss is one step towards your stated goal. We assume that your suggestion that we file the motion on February 9 – before the conference and therefore in violation of the instructions we received from the Court – was not a serious one. Again, if you have a serious counterproposal, please provide it.

Third, your accusation that we are violating the Court's order is wholly unsupported by the record. Our objections and responses to your document requests are not due until February 12, 2010 and you will receive a written response by then. See Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.") You agreed that the deposition – which you improperly noticed for your offices – would take place after documents are produced, which will be on a mutually agreed date after February 12. While on the



David Jaroslawicz
February 5, 2010
Page Two

subject of compliance with discovery obligations, we repeat our request that you provide the information that was missing from your Rule 26(a) disclosures – the addresses and telephone numbers of the individuals you listed.

Fourth, while your client is obviously within its rights to wait until its responses are due under the Federal Rules, we are both surprised and disappointed at your repeated refusal to answer a simple question – what is going on at 420 Lexington Avenue? Given that the senior officers of the company, Messrs. Adams and Heubner, live in San Diego, we find it hard to believe that the New York "office" is Xenomics's principal place of business. Your conduct strongly suggests that, consistent with the statements in the Form 8K that Xenomics filed with the SEC in May 2009, Xenomics has in fact moved its principal office from Monmouth Junction, New Jersey to San Diego. This fact is obviously highly relevant to the transfer analysis, as it further demonstrates that other than the location of counsel's office, Xenomics has little or no meaningful presence in New York.

Fifth, while we disagree with the wording of your second proposed addition to the Rule 26(f)(3)(B) issue, we agree in principle to add your three proposed topics (properly worded) to the list of subjects on which the parties anticipate taking discovery. As we explained in the previous paragraph, Xenomics's place of business is highly relevant to the transfer issue. Xenomics's business plans are relevant in that they may shed light on what alternative licensing opportunities Xenomics had in 2007-2008, and its reasons for entering into the License Agreement.

Sixth, with respect to the individuals you identified in your request for documents, we will provide that information in the time provided under Federal Rule 34. With respect to any additional individuals, we will treat this as a new request and similarly respond as required by Federal Rules.

Very truly yours,

Stephen A. Wieder / KK

Stephen A. Wieder