EXHIBIT T



Katie Krajeck
(212) 479-6176
kkrajeck@cooley.com

BY EMAIL AND OVERNIGHT MAIL

February 12, 2010

David Jaroslawicz, Esq.
225 Broadway, 24th Floor
New York, New York 10007

RE: *Xenomics, Inc. v. Sequenom, Inc., No. 09 CV 10192 (RMB)*

Dear Mr. Jaroslawicz:

Enclosed please find the Responses and Objections of Defendant Sequenom, Inc. to the Notice to Produce of Plaintiff Xenomics, Inc., along with a disk containing documents responsive to Demands for Production Nos. 3 and 4 (all of which are available publicly on the internet).

Sincerely,

Katie Krajeck

Katie Krajeck

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
XENOMICS, INC.,                                   :
                                                  :
                        Plaintiff,                :
                                                  :         09-CV-10192 (RMB)
                v.                                :
                                                  :         ECF CASE
SEQUENOM, INC.,                                   :
                                                  :
                        Defendant.                :
------------------------------------------------------------- x

## RESPONSES AND OBJECTIONS OF DEFENDANT SEQUENOM, INC
## TO NOTICE TO PRODUCE OF PLAINTIFF XENOMICS, INC.

Defendant Sequenom, Inc. ("Sequenom") by and through its undersigned counsel,

responds and objects to the Notice to Produce (the "Notice") of Plaintiff Xenomics, Inc.

("Xenomics") as follows:

### GENERAL OBJECTIONS AND RESPONSES

1.      Sequenom objects to the Notice and all discovery in this action on the grounds

that the License Agreement requires Xenomics to commence arbitration proceedings if it seeks

to resolve the claims it has raised and discovery should be conducted in that arbitration.

Sequenom's participation in discovery in this action to date has been pursuant to the Court's

January 12, 2010 Order.

2.      Sequenom objects to the Notice to the extent it seeks documents that are protected

from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other

applicable privilege or ground for non-production. Any inadvertent production by Sequenom of

any privileged or protected document shall not be deemed a waiver of such privilege, protection

or objection.

3.     Sequenom objects to the date range set forth in the Notice on the grounds that it seeks documents that pre-date by more than two years the first discussions between representatives of Xenomics and Sequenom concerning what ultimately became the relationship set forth in License Agreement. Unless otherwise indicated, Sequenom will treat the relevant period for the production of responsive documents as commencing on October 1, 2007.

4.     Sequenom objects to the Notice to the extent it calls for the production of information that comprises or reflects confidential and/or proprietary information used by it in, or pertaining to, its business, which is not generally known and which Sequenom would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic and/or personal information. Sequenom will agree to produce such information, to the extent it is responsive and not otherwise objectionable, upon the entry of a Protective Order.

5.     Sequenom reserves the right to assert additional general and specific objection as appropriate to supplement these objections and responses.

6.     Sequenom asserts its General Objections with respect to each Demand for Production and hereby expressly incorporates them therein.

7.     Sequenom's agreement to provide documents should not be construed as: (a) a waiver of Sequenom's general or specific objections; or (b) an agreement that demands for similar documents will be treated in a similar manner.

8.     Sequenom's agreement to provide documents is without prejudice to its right to contend that the documents are irrelevant, inadmissible, or otherwise objectionable and is

2

without prejudice to any of Sequenom's rights to object later that the production of any such

document was inadvertent.

## SPECIFIC OBJECTIONS AND REPONSES

### Demand For Production No. 1

Defendant's documents, including electronic notes, showing why it fired chief executive officer Harry Stylli; the senior vice president of research and development Elizabeth Dragon; Paul Hawran, the chief financial office [sic]; and Steven A. Ownings, vice president of Commercial Development.

### Response to Demand For Production No. 1

Sequenom objects to this Demand on the grounds that it is predicated on an erroneous

assumption of fact, is vague and ambiguous, overly broad and unduly burdensome, calls for the

production of confidential or proprietary information in the absence of a protective order and

calls for the production of documents that are neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence. Sequenom further object to this Demand to the extent it

seeks documents protected from disclosure by the attorney-client privilege and the attorney

work-product doctrine. Subject to and without waiver of these objections or the General

Objections and upon entry of a protective order, Sequenom will produce responsive, non-

privileged documents that can be identified and located based on a reasonable investigation and

search.

### Demand For Production No. 2

Defendant's documents, including electronic notes, showing what was erroneous about SEQureDx Trisomy 21 Test and/or other tests for Down Syndrome.

### Response to Demand For Production No. 2

Sequenom objects to this Demand on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, calls for the production of confidential or proprietary information

3

in the absence of a protective order and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sequenom further object to this Demand to the extent it seeks documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiver of these objections or the General Objections and upon entry of a protective order, Sequenom will produce responsive, non-privileged documents that can be identified and located based on a reasonable investigation and search.

### Demand For Production No. 3

SEC filings of the defendant from 2006 to date.

### Response to Demand For Production No. 3

Sequenom objects to this Demand on the grounds that it is overly broad, seeks documents that are publicly available and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections or the General Objections, Sequenom will produce responsive documents.

### Demand For Production No. 4

Press releases of the defendant from 2006 to date.

### Response to Demand For Production No. 4

Sequenom objects to this Demand on the grounds that it is overly broad, seeks documents that are publicly available and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections or the General Objections, Sequenom will produce responsive documents.

4

## Demand For Production No. 5

All documents, including the report and any drafts regarding the internal investigation by Sheppard, Mullin, Richter & Hampton.

## Response to Demand For Production No. 5

Sequenom objects to this Demand on the grounds that it is overly broad and unduly burdensome and seeks documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiver of these objections or the General Objections, Sequenom states that no written report was prepared and further states that it will produce responsive, non-privileged documents that can be identified and located based on a reasonable investigation and search.

## Demand for Production No. 6

Last known home addresses for Harry Stylli, Elizabeth Dragon; Paul Hawran, and Steven A. Ownings.

## Response to Demand For Production No. 6

Subject to and without waiver of the General Objections, Sequenom states that the following individuals are represented by counsel and may be contacted via counsel as follows:

### Harry Stylli

c/o Meryl L Young, Esq.
Gibson Dunn and Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612

### Elizabeth Dragon

c/o Robert E. Gooding , Jr., Esq.
Howrey LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614

5

Paul Hawran

c/o Thomas A. Zaccaro, Esq.
Paul Hastings Janofsky & Walker
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Steven Owings

c/o Keith P. Bishop, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street
5th Floor
Irvine, CA 92614

Dated: New York, New York
February 12, 2010

By: _____

Janet L. Cullum (JC 1925)
Stephen A. Wieder (SW 1442)
Katie Krajeck (KK 7412)

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000 (phone)
(212) 479-6275 (fax)

*Attorneys for Defendant*

6