.

# EXHIBIT V



**Cooley**
GODWARD KRONISH LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/10

Janet L. Cullum
(212) 479-6500
jcullum@cooley.com

March 11, 2010

Honorable Richard M. Berman
United States District Judge, Southern District of New York
500 Pearl Street
New York, New York 10007

Application Granted

SO ORDERED:

RICHARD M. BERMAN U.S.D.J.

3/16/10

RE:   *Xenomics, Inc. v. Sequenom, Inc.*, No. 09 CV 10192 (RMB) (KNF)

Dear Judge Berman:

We write to correct two highly misleading statements in the letter that counsel for Xenomics submitted in the last hour in connection with our motion for reconsideration.

**First,** counsel for Xenomics suggests that there is no issue with how many depositions he obtains here because the License Agreement provides that "The parties shall be entitled to full discovery in such arbitration." What counsel ignored– and what is blacked out on the copy of the arbitration agreement that counsel attached to his letter – is the statement that arbitration shall be conducted "in accordance with the Comprehensive Arbitration Rules and Procedures of JAMS." Rule 17.2(b) of the JAMS Rules provides:

> Each party may take one deposition of an Opposing Party or of one individual under the control of the opposing party. . . . The necessity of additional depositions shall be determined by the Arbitrator . . .

Clean copies of the arbitration agreement and of the relevant JAMS rule are attached hereto at Exhibits A and B. If Sequenom is correct that this dispute is arbitrable – a proposition that Mr. Jaroslawicz, despite repeated invitations, has still yet to dispute -- the attempt to take six depositions in this case is a matter for the arbitration panel to determine.

**Second,** Mr. Jaroslawicz accuses us of misrepresenting his stated intentions concerning additional depositions. At yesterday's conference, Mr. Jaroslawicz told Magistrate Fox that he wanted to contact the individuals who we had previously advised him were represented by counsel, and for whom we had provided the contact information for their respective counsel, "to get [them] to appear for a deposition." Tr. at 12. There are four such individuals. Magistrate Fox directed Mr. Jaroslawicz to contact the lawyers for the four individuals – we had given counsel the names of the lawyers – to see if they would accept deposition subpoenas. Tr. at 13-14. Mr. Jaroslawicz said he would contact those lawyers after the conference yesterday. Tr. at 14. And we understand that he has already contacted at least three of the lawyers to see if they would accept deposition subpoenas. A copy of the relevant pages of this transcript is attached for Your Honor's reference at Exhibit C.



Honorable Richard M. Berman
March 11, 2010
Page Two

Third, Sequenom advised the Court that it is seeking arbitration at our very first appearance before your Honor. It is true that we have made two applications for a stay, one of which was based on the arbitration provision. Our request for reconsideration is made with all due respect to Your Honor's prior order and only in the interest of protecting our client's right to have Xenomics proceed in arbitration as the agreement at issue provides and in accordance with the FAA. For that reason, if the Court does not reconsider or modify the stay, we respectfully request a stay pending appeal.

We are available to appear before Your Honor by telephone or in person should the Court wish to address any issues with us.

Respectfully,

Janet L. Cullum

Enclosures

cc: David Jaroslawicz, Esq. (by e-mail and w/ enclosures)